IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-78,938-01






EX PARTE EDWIN BERNARD ROBINSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-01-76170-QH IN THE CRIMINAL DISTRICT COURT NO. 1


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and was sentenced to fifty-two years' incarceration. The Fifth Court of Appeals
affirmed the conviction in an unpublished opinion. Robinson v. State, No. 05-03-01805-CR (Tex.
App.-- Dallas del. Jun. 16, 2005).

 Applicant raises claims of ineffective assistance of trial counsel as follows: (1) Failing to
have impeachment evidence regarding other allegations that the complainant made against Applicant
and recanted admitted under Evidentiary Rule 613 and the Confrontation Clause of the United States
Constitution; (2) Failing to object to "back door hearsay" admitted during the prosecution's
examination of the investigating officer; (3) Failing to object to the admissibility of testimony
regarding extraneous bad acts that occurred in California; (4) Failing to challenge, in a motion to
suppress or at trial, the voluntariness of Applicant's statement to police admitting to the offense; (5)
Failing to object to a detective's testimony vouching for the truthfulness of the complainant; and (6)
Failing to adequately prepare for trial and call appropriate witnesses to testify. See Strickland v.
Washington, 466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App.
1999). There is no response from Applicant's trial counsel in the record provided to this Court, and
there are no findings from the trial court. In these circumstances, additional facts are needed. As we
held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. 

 The trial court shall order Applicant's trial counsel to respond to the claims of ineffective
assistance by explaining counsel's representation of Applicant, including applicable strategy and
tactical decisions. To obtain the response, the trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). It appears that Applicant is represented by habeas counsel, and if the
trial court elects to hold a hearing, it shall determine whether habeas counsel continues to represent
Applicant. If not, the trial court shall determine whether Applicant is indigent, and if Applicant is
indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent
Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law regarding the claims raised
in the writ application. The trial court may also make any other findings of fact and conclusions of
law it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.

Filed: February 13, 2013

Do not publish